UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                            :
AJ RUIZ CONSULTORIA EMPRESARIAL   :
S.A.,                                                  :
                                    Plaintiff,     :       22 Civ. 521 (LGS)
                                                      :
                  -against-                  :       **OPINION AND ORDER**
                                                      :
BANCO BILBAO VIZCAYA ARGENTARIA, :
S.A., et al.,                                     :
                                Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiff AJ Ruiz Consultoria Empresarial S.A. moves for permissive withdrawal of the reference of an adversary proceeding pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Local Bankruptcy Rule 5011-1. All Defendants who have been served in the underlying action oppose the motion to withdraw. For the reasons stated below, Plaintiff's motion is denied.

## I.    BACKGROUND

The following facts are drawn from the parties' submissions in support of and in opposition to the motion, including memoranda of law and exhibits. *See, e.g.*, *In re AMR Corp.*, No. 12 Civ. 8180, 2013 WL 1155434, at *1 n.1 (S.D.N.Y. Mar. 21, 2013).

### A.    History of the Parties' Dispute

The following background facts are not substantially disputed unless otherwise noted. From 2007 to 2009, defendants in this and the related case, *AJ Ruiz Consultoria Empresarial S.A. v. Bank of China Ltd.*, No. 22 Civ. 538 (S.D.N.Y) (the "Related Case"), made loans of approximately $800 million to three entities owned by Milton and Salim Schahin: Black Gold Drilling LLC, Baerfield Drilling LLC, and Soratu Drilling LLC (the "Drilling Companies").

The Drilling Companies used the funds to build two oil rigs.  In 2014, the Drilling Companies sold the rights in a sale-leaseback transaction with Industrial and Commercial Bank of China ("ICBC") and used part of the sales proceeds to repay the loans made by Defendants.

Plaintiff is the judicial administrator and foreign representative of several other entities owned by the Schahins, listed in the caption of this case (the "Debtors").  The Debtors and the Drilling Companies have the same ultimate owner, but there is no overlap between the groups.  The Debtors filed for reorganization in Brazil in 2015, and the Brazilian court converted the reorganization into a bankruptcy in 2018.  The Bankruptcy Court for the Southern District of Florida recognized the Brazilian action as a foreign main proceeding under Chapter 15 on August 21, 2019.  *In re Schahin Holdings S.A., et al.*, No. 19-bk-19932 (Bankr. S.D. Fla.).

Plaintiff filed two nearly identical complaints in the United States District Court for the Southern District of New York on July 13, 2021, against Defendants in this case and those in the Related Case, which correspond to the two nearly identical motions addressed herein.  According to the two groups of defendants, the difference between the two actions is that one group may have immunity defenses that the other does not.  After the parties filed pre-motion letters on proposed motions to dismiss beginning in August 2021, Plaintiff filed amended complaints in both actions on November 17, 2021, asserting claims of unjust enrichment and aiding and abetting breach of fiduciary duty.  After the defendants filed another round of pre-motion letters, including an agreed briefing schedule for a motion to dismiss, Judge Castel referred both cases *sua sponte* to the Bankruptcy Court on December 7, 2021, under the district's standing order.  Plaintiff filed the instant motion to withdraw the reference in both cases.

### B. Plaintiff's Underlying Claims

The parties offer competing accounts of the facts underlying Plaintiff's claims. Plaintiff characterizes the Schahin Group as an "energy conglomerate" that includes both the Debtors and the Drilling Companies as "subsidiaries." Plaintiff claims that Defendants, in concert with the CEO and CFO of two Schahin Group entities, sold the oil rigs to ICBC below fair value when the Schahin Group was in financial distress. Plaintiff claims that the two executives were planning to start their own firm that would operate the rigs for ICBC and thus benefit from the sale. Plaintiff, on behalf of the Debtors, alleges that Defendants unjustly enriched themselves by orchestrating the sale and securing repayment on the loans, ahead of the other creditors of the soon-to-be-bankrupt Schahin Group, and that they aided and abetted the two Schahin executives' breaches of fiduciary duties in doing so.

Defendants argue that the sale-leaseback was a legitimate refinancing, and that there is nothing unjust about repaying a loan by selling the collateral. Defendants characterize Plaintiff's claims as turning on an alleged violation of "Brazil bankruptcy law" in that the "Schahin Group did not obtain its creditors' consent or pay its debts before selling the rigs." Defendants also argue that the Debtors and Drilling Companies are legally separate entities, notwithstanding their common owner, so the transaction at issue is irrelevant to the Debtors' bankruptcy estates. Defendants thus assert several grounds for dismissal, including a lack of standing, lack of personal jurisdiction, improper venue, immunity and failure to state a claim.

## II. STANDARD

District courts have original but not exclusive jurisdiction of all bankruptcy cases under Title 11 of the United States Code, and all cases arising in or related to cases thereunder. 28 U.S.C. 1334(b); *accord Stern v. Marshall*, 564 U.S. 462, 473 (2011). In this district, all such

proceedings are automatically referred to the bankruptcy court. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."); *see* Amended Standing Order of Reference, M10-468 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.) (referring all bankruptcy matters to the bankruptcy court pursuant to 28 U.S.C. § 157(a)). Once a proceeding has been referred, it may be withdrawn to the district court "for cause." 28 U.S.C. § 157(d); *accord Stern*, 564 U.S. at 473.

In determining whether "cause" exists, the Second Circuit has instructed district courts to consider: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) delay and costs to the parties; (4) uniformity of bankruptcy administration; (5) the prevention of forum shopping and (6) other related factors. *Orion Pictures Corp. v. Showtime Networks, Inc., (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993); *accord Picard v. Mayer*, No. 22 Civ. 769, 2022 WL 814638, at *1 (S.D.N.Y. Mar. 17, 2022). "Following the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), courts no longer give the core/non-core distinction a privileged position among the *Orion* factors," because the "power to issue final judgment over a claim does not depend on whether that claim is core or non-core." *Picard*, 2022 WL 814638, at *1. "[C]ourts now consider as well whether the bankruptcy court has the power to issue a final judgment." *Id*. As the movant, Plaintiff "bears the burden of showing withdrawal is warranted," and "courts ha[ve] broad discretion to withdraw the reference for cause." *In re Purdue Pharma L.P.*, No. 21 Civ. 2674, 2021 WL 5178698, at *3 (S.D.N.Y. Nov. 8, 2021) (internal quotation marks omitted). "Ultimately, the permissive withdrawal analysis comes down to whether efficiency and uniformity would be better served by litigating in the

4

district court." *Id.* (citing *Orion*, 4 F.3d at 1101, and *Mishkin v. Ageloff*, 220 B.R. 784, 800 (S.D.N.Y. 1998)).

### III.  DISCUSSION

Because referral to the bankruptcy court at this stage serves both judicial efficiency and uniformity, Plaintiff has not carried its burden of showing that withdrawal is warranted. It is undisputed and assumed that Plaintiff's state-law unjust enrichment and breach of fiduciary duty claims are non-core, so the bankruptcy court will not be able to render final judgment. *See MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006) (core proceedings either "clearly invoke substantive rights created by federal bankruptcy law" or "by their nature, could arise only in the context of a bankruptcy case"); *accord In re Purdue Pharms. L.P.*, 619 B.R. 38, 56 (S.D.N.Y. 2020). *See generally* 11 U.S.C. § 157(b)(2) (enumerating core claims). "The fact that a claim may need to be adjudicated ultimately in district court does not mean, however, that withdrawal is appropriate or even prudent at an earlier stage of proceedings." *Picard v. Mayer*, No. 22 Civ. 769, 2022 WL 814638, at *2 (S.D.N.Y. Mar. 17, 2022).

Efficiency and uniformity favor maintaining this action in bankruptcy court because Plaintiff's claims mirror the kinds of claims in which the bankruptcy court has special expertise and experience. *In re Jacoby & Meyers—Bankr. LLP*, No. 15 Civ. 7144, 2017 WL 4838388, at *1 (S.D.N.Y. Oct. 25, 2017) ("[T]he Bankruptcy Court's expertise in addressing the types of claims at issue in this case would enable it to most efficiently manage the case."). That this district's bankruptcy court does not have deep experience with this specific bankruptcy does not change that conclusion. Plaintiff's allegations of breach of fiduciary duty -- that Defendants participated in selling the rigs below fair value and "eventually put Schahin into bankruptcy" -- are familiar to the bankruptcy court as the elements of an avoidance claim under § 548 of the

Bankruptcy Code.  11 U.S.C. § 548(a)(1)(B) ("The trustee may avoid any transfer . . . if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value . . . and . . . was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result . . . .").  The key allegation of unjust enrichment -- that repaying a loan by selling the collateral is unjust because it came "at other creditors' expense" -- echoes a preferential transfer claim under § 547.  11 U.S.C. § 547(b)(5) (granting power to avoid certain transfers that "enable[d] such creditor to receive more than" they would in bankruptcy).  Plaintiff's claims also raise a threshold question whether the Drilling Companies' assets are part of the Debtors' bankruptcy estates, such that Plaintiffs can bring these claims at all.  Plaintiffs are correct that their claims are not brought under the Bankruptcy Code or in the court where the main Chapter 15 proceeding is being held.  But the bankruptcy court is well equipped to apply the relevant state or foreign law to a familiar bankruptcy fact pattern.

Even though the case is newly before this bankruptcy court, and it can issue only a report and recommendation on dispositive motions, the court's general bankruptcy experience and expertise will be helpful in efficiently addressing the issues raised in the first instance.  *Gisinger v. Patriach*, No. 16 Civ. 1564, 2016 WL 6083981, at *5 (S.D.N.Y. Oct. 18, 2016) (finding that "the bankruptcy judge has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance" in a newly referred, non-core adversary proceeding).  The bankruptcy court's input will then help the district court address the same issues more efficiently and maintain uniformity in bankruptcy administration.  *See* 11 U.S.C. § 157(c)(1) (providing for report and recommendation process in non-core proceedings); *Picard*, 2022 WL 814638, at *2 ("Frequently, a district court is aided by the bankruptcy court's management of discovery and settlement discussions, and its preparation of the case for trial, including any

decision on a motion for summary judgment and its creation of proposed findings of fact and conclusions of law."); *In re Ne. Indus. Dev. Corp.*, 511 B.R. 51, 54 (S.D.N.Y. 2014) ("The Bankruptcy Court's resolution of any motion for summary judgment . . . will be very useful to the District Court given the Bankruptcy Court's expertise with adversary proceedings.").

If this case is resolved on a dispositive motion, it will be expedited and not delayed by the bankruptcy court's input. *Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("[E]xperience strongly suggests that having the benefit of the report and recommendation will save the district court and the parties an immense amount of time."). If a jury trial is necessary, the case may be withdrawn when it is trial ready, and "[c]ourts in this district routinely deny motions to withdraw the reference before" then. *In re HHH Choices Health Plan, LLC*, No. 19 Civ. 1339, 2019 WL 1409712, at *3 (S.D.N.Y. Mar. 28, 2019); *accord Picard*, 2022 WL 814638, at *2; *Gisinger*, 2016 WL 6083981, at *5. There is no reason to suspect that Plaintiff is engaged in inappropriate forum shopping, but "[r]egardless of [the movant's] true motivations for moving to withdraw . . . withdrawal at this stage would result in significant inefficiencies and is inappropriate." *In re Lyondell Chem. Co.*, 467 B.R. 712, 726 (S.D.N.Y. 2012).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to withdraw the bankruptcy reference is DENIED without prejudice to any renewed motion to withdraw when the case is trial ready.

The Clerk of Court is respectfully directed to close the motion at Docket Number 1.

Dated:  June 3, 2022
        New York, NY

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**